UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEE DUPREY & SHIRLEYANN DUPREY ) | CIVIL ACTION |
| Plaintiffs ) | |
| v. ) | |
| ASSOCIATED CREDIT SERVICES, INC. ) | |
| Defendant ) | JANUARY 29, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by consumers who have been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### II. PARTIES

2. Plaintiff Lee Duprey is a natural person residing in Watertown, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Plaintiff Shirleyann Duprey is the wife of Lee Duprey, is a natural person residing in Watertown, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

4. The defendant, Associated Credit Services, Inc. ("ACS"), is a corporation with an office in Massachusetts and is licensed by the Connecticut Department of Banking

as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over ACS, because it engages in debt collection within Connecticut.

7. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

8. Wells Fargo assigned an account to ACS for collection the Plaintiffs dispute.

9. On or around December 22, 2009, an ACS representative named Jackie Jackson called Plaintiffs, and she spoke with Plaintiff Lee Duprey, and during that conversation, Lee Duprey told the representative that he disputed the account, and he provided the representative with contact information for Plaintiffs' attorney, and she responded by asking him questions in attempt to convince Plaintiffs to settle the alleged debt for a reduced amount; she also asked him how it made him feel that he had to pay the debt, and she tried to get him to tell her details of the dispute with Wells Fargo.

### V. CLAIMS FOR RELIEF
### CAUSE OF ACTION
**Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.**

10. Plaintiffs incorporate Paragraphs 1-9.

2

11. ACS violated the FDCPA by continuing to ask Plaintiff Lee Duprey questions in attempt to collect the alleged debt from Plaintiffs even though he had already given ACS contact information for Plaintiffs' attorney.

12. For ACS's violations of the Fair Debt Collection Practices Act as described above, the Plaintiffs are entitled to recover their actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, the Plaintiffs seek recovery of monetary damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

PLAINTIFFS, LEE DUPREY & SHIRLEYANN DUPREY

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457